UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DOWDY,

        Plaintiff,

vs.

Case No. 04-CV-71548-DT
HON. GEORGE CARAM STEEH

MICHAEL SODERGREN,
In His Individual Capacity,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(6) (DOC. #31)

On April 28, 2004, pro se plaintiff, Thomas Dowdy, filed a civil action under 42 U.S.C. § 1983 against defendants William Green and Michael Sodergren, who are both employees of the Gus Harrison Correctional Facility. The plaintiff alleged violations of his Fourteenth Amendment due process and equal protection rights and his Eighth Amendment protection against cruel and unusual punishment, as well as state law claims for failure to provide a safe environment. The defendants filed a motion for summary judgment, and in granting the motion, the court dismissed all pending claims with prejudice. On appeal, the Sixth Circuit ordered the case to be dismissed without prejudice on the basis of Jones Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Following the mandate, the district court entered a dismissal of the claims without prejudice.

Subsequent to this dismissal, the Supreme Court of the United States overturned Jones Bey in the case Jones v. Bock, 127 S Ct 910 (2007), which held in part that the

burden of demonstrating exhaustion did not lie with the plaintiff as held by Jones Bey. The plaintiff then filed this Fed. R. Civ. P. Rule 60(b)(6) motion seeking relief from judgment of dismissal without prejudice, as against defendant Sodergren only. Plaintiff argues that the overruling is sufficient to grant him this Rule 60(b)(6) motion. Contrary to the plaintiff's argument, however, it is well established that Rule 60(b)(6) motions should be granted only in exceptional or extraordinary circumstances, where justice mandates such relief from judgment. See In re Abu-Ali Abdur'Rahman, 392 F.3d 174, 183 (6th Cir. 2004) (citing Liljeberg v. Health Svcs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)). Because the plaintiff still holds an opportunity to file a new case to pursue his claims against defendant Sodergren, this court finds that exceptional or extraordinary circumstances that are requisites to the grant of this motion are not present.

The plaintiff makes several arguments in support of his Rule 60(b)(6) motion. In addition to the Jones v. Bock argument, plaintiff also argues that E.D. Mich. R. 7.1(h)(3) compels reinstatement.[1] There are at least two problems with this argument. First, the provision requires that the movant shall demonstrate that a different disposition of the case will necessarily result from the granting of the motion. This has not been demonstrated. Second, the plaintiff entirely overlooks provision (g)(1), which clearly imposes a deadline of 10 days after the entry of the judgment or order. This 10 day period has clearly passed. Thus this rule does not support plaintiff's Rule 60(b)(6) motion.

The plaintiff also argues that a Rule 60(b)(6) motion should be granted where

---

[1]The court takes the plaintiff to mean E.D. Mich. R. 7.1(g)(3) as that is the provision which he cites in his motion, and provision (h)(3) does not exist.

controlling law has been overruled by a superior court. It is not at all clear how the plaintiff is supporting this argument. Indeed, the Sixth Circuit has ruled, "[i]t is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief . . . . [i]nstead, the courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001).

For the reasons stated, the court hereby DENIES plaintiff's Rule 60(b)(6) motion for relief from judgment. The plaintiff is free to file his cause of action as a new case.[2]

SO ORDERED.

Dated: August 2, 2007

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 2, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

[2] It appears from the motion that the imposition of additional filing fees is a significant concern to the plaintiff. Based on the ruling in Owens v. Keeling, the court agrees with the plaintiff that additional fees should not be imposed where the prisoner raises the same claims as a complaint that was initially dismissed without prejudice for failure to exhaust. 461 F.3d 763, 773 (6th 2006).